No. 16-20055

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
UNITED STATES OF AMERICA,

Plaintiff-Appellee,

vs.

Hortencia Medeles-Arguello,

A/K/A Tencha, A/K/A Raquel Medeles Garcia

Defendant-Appellant

---

Appeal from the United States District Court
For the Southern District of Texas, Houston Division
4:13-CR-628-1

---

**APPELLANT'S BRIEF**

---

VIVIAN R. KING
State Bar No. 00784399
2202 Alabama St.
Houston, Texas 77004
(713) 222-2019 (telephone)
(877) 753-6706 (e-facsimile)
Email:VivianRKing@msn.com
Attorney for Appellant
Hortencia Medeles-Arguello

**ORAL ARGUMENT WAIVED**

1

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certified that the following listed persons have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

*Appellant:*
    *Hortencia Medeles-Arguello*


*Counsel for Appellant on Appeal (Appointed)*:

    VIVIAN R. KING
    State Bar No. 00784399
    2202 Alabama St.
    Houston, Texas 77004
    (713) 222-2019 (telephone)
    (877) 753-6706 (e-facsimile)

*Counsel for Appellant at Trial*:

    Ali R. Fazel
    Scardino & Fazel
    4801 Woodway Dr. Ste. 165E
    Houston, TX 77056
    (713) 229-9292

*Trial Counsel for Appellee*:

    Ruben R. Perez
    Assistant United States Attorney
    and
    Joseph C. Magliolo
    Assistant United States Attorney
    1000 Louisiana St., Suite 2300
    Houston, TX 77002
    (713) 567-9000

Appellate Counsel for Appellee:

      Renata Ann Gowie
      Assistant United States Attorney
      1000 Louisiana Suite 2300
      Houston, TX 77002
      (713) 567-9000
      Renata.Gowie@usdoj.gov


Trial Judge:

      **The Honorable David Hittner**

                                  VIVIAN R. KING
                                  State Bar No. 00784399
                                  2202 Alabama St.
                                  Houston, Texas 77004
                                  (713) 222-2019 (telephone)
                                  (877) 753-6706 (e-facsimile)
                                  Email.VivianRKing@msn.com

                                  Appointed Attorney for Appellant
                                  Hortencia Medeles-Arguello


## STATEMENT REGARDING ORAL ARGUMENT

Appellant, Hortencia Medeles-Arguello, respectfully waives oral argument.

<u>TABLE OF CONTENTS</u>                          <u>Page</u>

CERTIFICATE OF INTERESTED PERSONS…………………………………i

STATEMENT REGARDING ORAL ARGUMENT…………………………..iii

TABLE OF AUTHORITIES…………………………………………… v

RECORD REFERENCES………………………………………………….. vii

STATEMENT OF JURISDICTION…………………………………………1

ISSUES PRESENTED………..…………………………………………2

STATEMENT OF THE CASE……………………………………………4

SUMMARY OF ARGUMENT………………………………………………6

ARGUMENT…………………………………………………………8

    STANDARD OF REVIEW FOR ISSUES I, II, AND II…………………8

I.    ISSUE I: A RATIONAL JURY COULD NOT HAVE FOUND THE ESSENTIAL ELEMENT OF THE DEFENDANT HAVING AN AGREEMENT BETWEEN TWO OR MORE PERSONS TO CONSPIRE TO COMMIT SEX TRAFFICKING BEYOND A REASONABLE DOUBT. …………………………………...9

II.    ISSUE II: A RATIONAL JURY COULD NOT HAVE FOUND THE ESSENTIAL ELEMENT THAT THE DEFENDANT USED FORCE, THREATS OF FORCE, FRAUD, COERCION, AND ANY COMBINATION OF SUCH MEANS USED TO CAUSE A

PERSON TO ENGAGE IN A COMMERCIAL SEX ACT BEYOND

A REASONABLE DOUBT…………………………………………12

III.    ISSUE III: A RATIONAL JURY COULD NOT HAVE FOUND

THE ESSENTIAL ELEMENT OF MONEY LAUNDERING, THAT

THE DEFENDANT CONCEALED AND DISGUISED THE

NATURE OF THE MONEY COMING FROM A SPECIFIC

UNLAWFUL ACTIVITY, NAMELY THE CONSPIRACY OF SEX

TRAFFICKING BEYOND A REAOSNABLE DOUBT…………..14

STANDARD OF REVIEW FOR ISSUE IV………………....................17

IV.    ISSUE IV: THE DISTRICT COURT COMMITTED CLEAR

ERROR BY NOT GRANTING APPELLANT'S OBJECTION TO

REMOVING THE FOUR POINT ENHANCEMENT OF HER

ALLEGED POSITION AS A LEADER/ ORGANIZER OF THE

ALLEGED CONSPIRACY OF SEX TRAFFICKING……………..18

CONCLUSION……………………………………………………………...27

CERTIFICATE OF COMPLIANCE…………………………………………...28

CERTIFICATE OF SERVICE…………………………………………………29

TABLE OF AUTHORITIES

**CASES:**                                                    **PAGE**

*Ocasio v. United States*, 136 S. Ct. 1423, 1428 (2016)……………………………….9

*United States v. Caldwell*, 302 F.3d 399, 412-413 (5th Cir. 2002)……………….14

*United States v. Fuchs*, 467 F.3d 889, 908 (5th Cir. 2006)………...……………….9

*United States v. Garcia-Gonzalez*, 714 F.3d 306 (5th Cir. 2013).......................8, 12

*United States v. Kung-Shou Ho*, 31 F.3d 589, 610 (5th Cir. 2002)……………….18

*United States v. Miranda*, 248 F.3d 434, 447 (5th Cir. 2001)……………………17

*United States v. Olguin*, 643 F.3d 384, 401-402 (5th Cir. 2011)……………...19, 26

*United States v. Phea*, 755 F.3d 255, 264 (5th Cir. 2014)………………………...12

*United States v. Pringler*, 765 F.3d 445 (5th Cir. 2014)……………8, 9, 10, 11, 12

**STATUTES:**

Sentencing Guidelines §3B1.1(a)……………………………………………………18

FED. R. APP. P. 4(b)………………………………………………………...1

FED. R. APP. P. 28(a)(4)……………………………………………………1

18 U.S.C. § 1324(a)(1)(A)(iii)……………………………………………...4

18 U.S.C. §§ 1324(a)(1)(A)(v)(I)…………………………………………...4

18 U.S.C. § 1324(a)(1)(B)(i)………………………………………………...4

18 U.S.C. §1591 ……………………………………………………………...4

18 U.S.C. §1954(c)……………………………………………………………4

18 U.S.C. § 1956(a)(1)(B)(i)………………………………………………….4

18 U.S.C. § 1956(h)…………………………………………………………...4

28 U.S.C. §3742…………………………………………………………………1

## RECORD REFERENCES

The record on appeal is cited as (ROA.) and contains all of the filings with the District Court, pretrial, trial transcripts, and transcripts from the sentencing hearing in 4:13-CR-628-1.

**STATEMENT OF JURISDICTION**

This Court has appellate jurisdiction over the District Court's final judgement of conviction and sentence under 28 U.S.C. §3742. Ms. Hortencia Medeles-Arguello timely filed her notice of appeal in accordance with the Federal Rules of Appellate Procedure (FRAP) 4(b). *See* FRAP 28(a)(4).

## ISSUE PRESENTED

I.    WHETHER A RATIONAL JURY COULD HAVE FOUND THE ESSENTIAL ELEMENT OF THE DEFENDANT HAVING AN AGREEMENT BETWEEN TWO OR MORE PERSONS TO CONSPIRE TO COMMIT SEX TRAFFICKING BEYOND A REASONABLE DOUBT.

II.   WHETHER A RATIONAL JURY COULD HAVE FOUND THE ESSENTIAL ELEMENT THAT THE DEFENDANT USED FORCE, THREATS OF FORCE, FRAUD, COERCION AND ANY COMBINATION OF SUCH MEANS USED TO CAUSE A PERSON TO ENGAGE IN A COMMERCIAL SEX ACT BEYOND A REASONABLE DOUBT.

III.  A RATIONAL JURY COULD NOT HAVE FOUND THE ESSENTIAL ELEMENT OF MONEY LAUNDERING, THAT THE DEFENDANT CONCEALED AND DISGUISED THE NATURE OF THE MONEY COMING FROM THE SPECIFIC UNLAWFUL ACTIVITY OF CONSPIRACY OF SEX TRAFFICKING BEYOND A REASONABLE DOUBT.

IV.   WHETHER THE DISTRICT COURT COMMITTED CLEAR ERROR BY NOT GRANTING APPELLANT'S OBJECTION TO REMOVING

THE FOUR POINT ENHANCEMENT OF HER ALLEGED POSITION AS A LEADER/ ORGANIZER OF THE ALLEGED CONSPIRACY O SEX TRAFFICKING.

## STATEMENT OF THE CASE

On October 9, 2013, the Defendant was indicted for: Sex Trafficking Conspiracy in violation of 18 U.S.C. §§ 1591 and 1954(c) (Count I); Conspiracy to Harbor Illegal Aliens in violation of 18 U.S.C. §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(iii), 1324)a)(1)(B)(i) (Count II); Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts III – VI) and Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h) (Count VII). ROA.51-74.

On January 14, 2015, the Defendant then was indicted under a superseding indictment alleging she committed the following crimes: Sex Trafficking Conspiracy in violation of 18 U.S.C. §§ 1591 and 1954(c) (Count I); Conspiracy to Harbor Illegal Aliens in violation of 18 U.S.C. §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(iii), 1324)a)(1)(B)(i) (Count II); and Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts III – VI). ROA.351-362. The superseding indictment did not include an allegation of the Defendant committing a conspiracy to commit money laundering. ROA.351-362.

The Defendant proceeded to a lengthy trial in which the Government presented witness testimony of the Defendant's involvement in an establishment associated with prostitution. ROA. 5751-5752. Such testimony also included how some of her employees were not legal residents of the United States or did not enter the United States legally. ROA.6549. Testimony also showed how the Defendant

4

purchased several Cashier's Checks to pay for homes and a judgment in an amount of $9,000. ROA.6756-6757.

After the United States and the Defendant rested, the Defendant moved in open court for a Motion for a Judgement of Acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure. ROA.6834. The Defendant argued that the United States failed to prove: (1) that she was involved in sex trafficking conspiracy as pled in the indictment and (2) therefore the United States also failed to prove the underlying offense, the specific unlawful activity of conspiracy of sex trafficking, for the money laundering counts as plead in the indictment. ROA.6834-6850. The Court denied Defendant's motion. ROA.6850.

On January 20, 2016, the Defendant was found guilty of Counts I – VI of the superseding indictment. ROA.2907-2916. The Defendant's trial counsel objected to the Pre-Sentencing Report ("PSR"), particularly to the accuracy of the testimony of the witnesses that testified against the Defendant and to the Defendant having an enhancement in her role, classifying her as a leader/ organizer of the conspiracy. ROA.2373-2380. On January 20, 2016, the Defendant then filed her notice of appeal to, this honorable Court, the Fifth Circuit Court of Appeals and subsequently the undersigned attorney, Vivian R. King, was appointed to represent the Defendant-Appellant in her appeal.

## SUMMARY OF ARGUMENT

In open Court, the Defendant moved for a Motion for a Judgement of Acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure. ROA.6834. The Defendant argued that the United States failed to prove that she was involved in sex trafficking conspiracy as plead in the indictment. ROA.6834-6837. The United States was only able to prove that the Defendant was involved in prostitution, but not in a sex trafficking conspiracy as plead in the indictment from 1999-2013. ROA.6834-6841.

The United States failed to prove the following necessary elements of a sex trafficking conspiracy: (1) that the Defendant had an agreement between two or more persons to sex traffic and the Defendant's knowledge of the agreement to have a conspiracy; (2) that the Defendant used force, threats of force, fraud, coercion, and any combination of such means used to cause a person to engage in a commercial sex act.

Further, because the United States failed to prove the aforementioned necessary elements of a sex trafficking conspiracy, the United States failed to prove the essential element of the concealing and disguising the proceeds of, a specified unlawful activity, namely a sex trafficking conspiracy for the money laundering counts as alleged in the indictment.

6

Additionally, because the Court denied the Defendant's Rule 29 Motion, after the Defendant was found guilty, the PSR gave the Defendant the leader/ organizer role. The Defendant objected to this classification and the Court overruled the objection. Therefore, the Court also committed clear error by not granting the appellant's objection to removing the four point enhancement of her alleged position as a leader/ organizer of the sex trafficking conspiracy.

## **ARGUMENT**

<u>Standard of Review for Issues I, II, and III.</u>

**"**[The Fifth Circuit] review[s] a challenge to the sufficiency of a jury verdict by asking, 'whether a rational jury could have found each essential element of the offense beyond a reasonable doubt.'" *United States v. Pringler*, 765 F.3d 445 (5th Cir. 2014). This review is *de novo*. *United States v. Garcia-Gonzalez*, 714 F.3d 306 (5th Cir. 2013).

**ISSUE I: A RATIONAL JURY COULD NOT HAVE FOUND THE ESSENTIAL ELEMENT OF THE DEFENDANT HAVING AN AGREEMENT BETWEEN TWO OR MORE PERSONS TO CONSPIRE TO COMMIT SEX TRAFFICKING BEYOND A REASONABLE DOUBT.**

To prove that the Defendant has conspired to commit sex trafficking, the United States must prove: (1) the existence of an agreement between two or more persons; (2) the defendant's knowledge of the conspiracy; (3) the defendant's voluntary participation in the conspiracy. *See United States v. Fuchs*, 467 F.3d 889, 908 (5th Cir. 2006) (holding that, "to prove the offense of conspiracy to [violate federal law], the government must establish: 1) The existence of an agreement between two or more persons to violate the federal law; 2) The defendant's knowledge of the conspiracy; and 3) The defendant's voluntary participation in the conspiracy.). Further, co-conspirators must have the same specific intent to commit sex trafficking. *See Ocasio v. United States*, 136 S. Ct. 1423, 1428 (2016) (holding that, "conspirators must [have the specific intent to] 'pursue the same criminal objective.'").

In the case of *United States v. Pringler*, the Court found that when a Defendant takes money earned through commercial sex acts, used the profit from commercial sex acts to pay for rooms where such acts are to take place, drove the individuals involved to meet with others for commercial sex, and took pictures of the prostitutes

for advertising, there would be sufficient evidence to support a finding of guilt for the Defendant's involvement in a sex trafficking conspiracy. *United States v. Pringler*, 765 F.3d 445, 449-450 (5th Cir. 2014). Further, this showed more than the Defendant's mere presence at the scene of the crime. *Id.*

During the prosecution's case-in-chief, the witnesses testified that the Defendant did not have any connection with the pimps who forced the women to engage in prostitution. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837. The threats and coercion that forced the women to be prostitutes all took place in Mexico in which the Defendant had no connection to the pimps to allow the women to be in her establishment. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-3837. To get the women to prostitute themselves in the Defendant's establishment took place between the women and their respective pimps. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-3837. The women who worked at her establishment were sent there by their respective pimps with no involvement by the Defendant. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-3837. Accordingly, the Defendant had no agreement with any pimp to sex traffic any women at her establishment and much less the specific intent to conspire to commit sex trafficking. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-3837. Further, the Defendant did not receive

10

any profit from the commercial sex acts. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-3837. The only profit the Defendant made from the establishment she owned was that of a cover charge. ROA.5790-5791. The Defendant did not receive profit from the commercial sex acts nor did she have an agreement to sex traffic women for commercial sex. ROA. 5790-5791; 5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-3837.

Further, unlike in *Pringler*, the Defendant received no profit from the commercial sex acts, had no involvement in the transportation of the women for prostitution; nor did she advertise the women or any commercial sex acts. ROA.5790-5791; 5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-3837. This case is distinguishable from that of *Pringler*.

Therefore, a rational jury could not have found the essential element of the Defendant having an agreement between two or more persons, in this case the Defendant and the respective pimps of the women who prostituted themselves in the Defendant's establishment, to conspire to commit sex trafficking beyond a reasonable doubt.

**ISSUE II: A RATIONAL JURY COULD NOT HAVE FOUND THE ESSENTIAL ELEMENT THAT THE DEFENDANT USED FORCE, THREATS OF FORCE, FRAUD, COERCION, AND ANY COMBINATION OF SUCH MEANS USED TO CAUSE A PERSON TO ENGAGE IN A COMMERCIAL SEX ACT BEYOND A REASONABLE DOUBT.**

When a Defendant is charged with the conspiracy to commit a federal offense, the "[G]overnment must show that elements of the substantive offense occurred and that the [D]efendant 'associated with the criminal activity, participated in it, and acted to help it succeed." *United States v. Pringer*, 765 F.3d 445, 449 (5th Cir. 2014) (citing *United States v. Garcia-Gonzalez*, 714 F.3d 306, 312 (5th Cir. 2013). The essential, relevant, portion of the offense of sex trafficking, is that the defendant: (1) "knowingly or in affecting interstate or foreign commerce…recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; (2) knowingly or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion or any combination of such means will be used to cause the person, who is eighteen years of age or older, to engage in a commercial sex act[.]" *See United States v. Phea*, 755 F.3d 255, 264 (5th Cir. 2014). Therefore, the Government must prove the underlying offense of the conspiracy to prove a conspiracy took place. *Pringer*, 765 F.3d 445, 449 (5th Cir. 2014).

The testimony elicited at trial proved that the Defendant never used any method of force or any combination of actions to constitute force to maintain the women who prostituted themselves at her establishment. ROA.6007-6008; 6031; 6054; 6054; 6104-6107; 6113; 6114-6115; 6227-6228; 6256-6257; 6286-6287; 6360. Testimony clearly established that the women who were under force or threats of force received such threats from their respective pimps and not from the Defendant. ROA.6007-6008; 6031; 6054; 6054; 6104-6107; 6113; 6114-6115; 6227-6228; 6256-6257; 6286-6287; 6360. The Defendant never laid a hand on the women nor did she ever threaten to do so or threaten their respective families in any manner. ROA.6007-6008; 6031; 6054; 6054; 6104-6107; 6113; 6114-6115; 6227-6228; 6256-6257; 6286-6287; 6360. The individuals who inflicted force or threat of force, or some combinations of actions to constitute force, were the women's respective pimps. ROA.6007-6008; 6031; 6054; 6054; 6104-6107; 6113; 6114-6115; 6227-6228; 6256-6257; 6286-6287; 6360. The Defendant did not commit acts to constitute force against the women who were eighteen or older at her establishment. ROA. 6007-6008; 6031; 6054; 6054; 6104-6107; 6113; 6114-6115; 6227-6228; 6139; 6256-6257; 6286-6287; 6360.

**ISSUE III: A RATIONAL JURY COULD NOT HAVE FOUND THE ESSENTIAL ELEMENT OF MONEY LAUNDERING, THAT THE DEFENDANT CONCEALED AND DISGUISED THE NATURE OF THE MONEY COMING FROM A SPECIFIC UNLAWFUL ACTIVITY, NAMELY THE CONSPIRACY OF SEX TRAFFICKING BEYOND A REASONABLE DOUBT.**

An element of the offense of money laundering is that the specific unlawful activity in the indictment for purposes of money laundering must be proved. *United States v. Caldwell*, 302 F.3d 399, 412-413 (5th Cir. 2002) (holding that "specified unlawful activity sufficiently alleges the 'unlawful activity' element of money laundering.).

The testimony elicited at trial was not sufficient to prove beyond a reasonable doubt that the Defendant engaged in a sex trafficking conspiracy. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-3837. The witnesses testified that the Defendant did not have any connection with the pimps who forced the women to engage in prostitution. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837.  The threats and coercion that got the women to be prostitutes all took place in Mexico in which the Defendant had no connection to the pimps to allow the women to be in her establishment. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107;

6113; 6125; 6836-6837. To get the women to prostitute themselves in the Defendant's establishment took place between the women and their respective pimps. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-3837. The women who worked at her establishment were sent there by their respective pimp with no involvement by the Defendant. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-3837. Accordingly, the Defendant had no agreement with any pimp to sex traffic any women at her establishment and much less the specific intent to conspire to commit sex trafficking. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-3837. Further, the Defendant did not receive any profit from the commercial sex acts. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-3837. The only profit the Defendant made from the establishment she owned was that of a cover charge. ROA.5790-5791. The Defendant did not receive profit from the commercial sex acts nor did she have an agreement to sex traffic women for commercial sex. ROA. 5790-5791; 5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-3837.

Accordingly, because the Defendant did not commit the specified unlawful activity of conspiracy to sex traffic, the Government failed to prove the underlying offense as plead in the indictment for money laundering counts. Therefore, no

rational jury could find that the defendant committed money laundering to conceal

and disguise the proceeds of a sex trafficking conspiracy.

<u>Standard of Review for Issue IV.</u>

A District Court's determination that a Defendant qualifies for an offense level adjustment is reviewed for clear error. *United States v. Miranda*, 248 F.3d 434, 447 (5th Cir. 2001).

**ISSUE IV: THE DISTRICT COURT COMMITTED CLEAR ERROR BY NOT GRANTING APPELLANT'S OBJECTION TO REMOVING THE FOUR POINT ENHANCEMENT OF HER ALLEGED POSITION AS A LEADER/ ORGANIZER OF THE ALLEGED CONSPIRACY OF SEX TRAFFICKING.**

The Government must establish the following three elements for a role enhancement in sentencing: (1) the Defendant was an organizer or leader of the criminal activity; (2) that the criminal activity involved at least one other criminally responsible participant; and (3) that the criminal activity involved at least five participants or was otherwise extensive. *United States v. Kung-Shou Ho*, 31 F.3d 589, 610 (5th Cir. 2002) ("The [G]overnment must establish three elements for a § 3B1.1(a) enhancement: (1) [Defendant] was an organizer of criminal activity, (2) that involved at least one other criminally responsible 'participant' and, (3) that 'involved at least five participants or was otherwise extensive.'"). Additionally, there are several factors that a Court considers in making such a determination are: (1) the exercise of decision making authority; (2) the nature of participation in the commission of the offense; (3) the recruitment of accomplices; (4) the claimed right to a larger share of the fruits of the crime; (5) the degree of participation in planning or organizing the offense; (6) nature of the illegal activity; (7) the degree of control over others. *United States v. Olguin*, 643 F.3d 384, 401-402 (5th Cir. 2011).

18

In the case of *United States v. Olguin*, this Court held that when a Defendant has a limited role, such as "ensuring attendance and enrolling new members" even with no control with respect to others with criminal responsibility in the offense, in which the Defendant directs actions of a co-conspirator or other with criminal responsibility would be sufficient for a role enhancement of a leader/ organizer of the criminal activity. *United States v. Olguin*, 643 F.3d 384, 401-402 (5th Cir. 2011).

In the present case before the Court, the Defendant had no involvement with any other individual for a conspiracy to commit sex trafficking, because she did not conspire to commit sex trafficking. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837. The women who prostituted themselves at the Defendant's establishment were there due to force or threats of force from their respective pimps and not from the Defendant. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837. The pimps force or threats of force against the women was not a result of or in any connection with the Defendant. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837. Therefore, the Defendant was not an organizer or a leader of any criminal activity, namely conspiracy to sex traffic; she was not criminally involved with any one, much less with at least one other who is criminally responsible as a participant in a conspiracy to sex traffic; and the Defendant was not involved with another, much less with at least five participants; and the Defendant's activities were

19

not otherwise extensive because she did not participate in a conspiracy to sex traffic. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837.

The following is the Defendant's connection to the women who prostituted themselves at her establishment in relation to the factors that this Court looks at to determine if an enhancement to that of an organizer/ leader in an offense was warranted:

(1) The Exercise Of Decision Making Authority

    a.  The Defendant did not exercise any control or decision making authority with regards to the women who were prostitutes. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837. The Defendant had no control or authority over the pimps and how they treated their respective prostitute(s). ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837. The pimps would make their own determination of the manner in which they would force or threat to use force against the women they would prostitute. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837. The pimps would then in turn decide where to send the women. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065;

6104-6107; 6113; 6125; 6836-6837. The Defendant had no authority and exercised no authority of making any decision in connection with the women prostituting themselves at her establishment. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837.

(2) The Nature Of Participation In The Commission Of The Offense

    a. The Defendant did not participate in any manner to sex traffic any woman to prostitute herself. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837. The Defendant also did not participate in forcing or threatening to use force against the women to prostitute themselves. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837. This was done by the women's respective pimps and not the Defendant. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837.

(3) The Recruitment Of Accomplices

    a. The Defendant had no participation in recruiting any accomplices. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107;

6113; 6125; 6836-6837. The Defendant did not have any agreement to conspire to sex traffic any individual and she did not recruit women to participate in prostitute at her establishment. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837.   The women who prostituted themselves, by force or threat of force by their respective pimps, were recruited by their respective pimps. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837. The women's respective pimps primarily recruited the women in Mexico. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837. The Defendant had no participation in the recruitment of these women.   ROA.5990-5993;   6007-6009;   6031-6032;   6063-6065; 6104-6107; 6113; 6125; 6836-6837.

(4) The Claimed Right To A Larger Share Of The Fruits Of The Crime

a. The Defendant had no claim or right to a larger share of the fruits of the crime. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837. The Defendant would charge all who entered her establishment a cover charge. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837. The women who prostituted themselves would then determine

22

the amount they would charge the client who wished to engage in commercial sex with them. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837. The women would set their rate, either by their own determination of price or by what their respective pimps would demand they charge for commercial sex. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837. The Defendant would not receive any profits from commercial sex. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837. The women's respective pimps would receive all of the money the women would make when they engaged in commercial sex. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837.

(5) The Degree Of Participation In Planning Or Organizing The Offense

a. The Defendant had no participation in planning or organizing the offense of conspiracy to sex traffic. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837. Accordingly, the Defendant did not plan, participate, or organize any activity of conspiring to sex traffic. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837.

23

The women's respective pimps would be the ones who would determine where the women were to engage in commercial sex and how much they would charge for said act(s). ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837. The Defendant had no degree of participation with the women and their respective pimps in connection with a conspiracy to sex traffic. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837.

(6) Nature Of The Illegal Activity

    a. The Defendant was associated with, and at one point owned, an establishment that was associated with prostitution. ROA.5536-5537. Prostitution is a state offense in the State of Texas where the Southern District of Texas is located. ROA.5536-5537. However, the Defendant did not engage in conspiracy to sex traffic. ROA.5536-5537. Prostitution itself is not a federal offense. ROA.5536-5537.

(7) The Degree Of Control Over Others

    a. The Defendant had no control over the women who prostituted themselves, what acts they chose to engage in, what prices they would set, whether they would engage in prostitution, or whether

would engage in prostitution at her establishment. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837. The Defendant would tell the women that if they would show up to her establishment with bruises or other visible marking of injury to them, they would not be allowed into her establishment for risk of attracting the attention of law enforcement. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837. The Defendant however had no control over the women's respective pimps and the manner in which they chose to force the women to engage in prostitution. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837. The Defendant also had no control over who the women's respective pimps would send to her establishment. ROA.5990-5993; 6007-6009; 6031-6032; 6063-6065; 6104-6107; 6113; 6125; 6836-6837.

In light of the factors this Court looks to determine if a Defendant warrants an enhancement to an offense, the Defendant not only does not meet the first three elements the Government must prove, but she also does not meet any of the factors to indicate she was an organizer/ leader in a conspiracy to commit sex trafficking. Unlike the case of *United States v. Olguin*, the Defendant presently before this Court had no participation in enrollment, control, or ensuring any kind of attendance.

25

*United States v. Olguin*, 643 F.3d 384, 401-402 (5th Cir. 2011). This Court held in *United States v. Olguin*, that participation in enrollment, control, and ensuring attendance was sufficient to warrant an enhancement. However, the Defendant now before this Court has not met any such factors. Therefore, the District Court committed clear error by not granting the Defendant's objection to removing the four point enhancement of her alleged position as a leader/ organizer in the alleged conspiracy of sex trafficking.

## <u>CONCLUSION</u>

For these many foregoing reasons, the Appellant respectfully prays this Honorable Court give meaningful consideration to all three points of error and vacate her guilt and remand, or in the alternative, vacate her sentence and remand this case for re-sentencing.

Respectfully Submitted,

*Vivian R. King*
**VIVIAN R. KING**
State Bar No. 00784399
2202 Alabama St.
Houston, Texas 77004
(713) 222-2019 (telephone)
(877) 753-6706 (e-facsimile)
Email: VivianRKing@msn.com

**Appointed Attorney for Appellant**
**Hortencia Medeles-Arguello**

27

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Vivian R. King, attorney for Appellant, Hortencia Medeles-Arguello, certify that the principal brief (1) does not exceed 30 pages; (2) contains no more than 14,000 words; and (3) contains 4,885 words pursuant to Fed. R. App. P. 32(a)(7).

*Vivian R. King*
**Vivian R. King**
**Appointed Counsel**

## CERTIFICATE OF SERVICE

I, Vivian R. King, e-filed Appellant's brief on December 6, 2016, and I certify

that a true and correct copy of Appellant's brief was emailed to AUSA Renata Ann

Gowie (Renata.Gowie@usdoj.gov) and mailed to Appellant on December 6, 2016.


Hortencia Medeles-Arguello
A/K/A Raquel Medeles-Garcia
A/K/A Tencha
Register No. 54506-379
FCI Dublin
5701 8th St. – Camp Parks
Dublin, CA 94568


*Vivian R. King*
**Vivian R. King**
**Appointed Counsel**